## DUNHAM v. COLLIER AND PETTIS.

Where there is a judgment, and also a decree against a party for the same demand, the collection of the money under the decree cannot be enjoined unless the complainant allege in his bill that the judgment has been satisfied.

APPEAL IN CHANCERY, *from Louisa District Court.*

This was a bill in chancery, by Dunham against the defendants, for an injunction to stay proceedings at law, on execution. The bill states the following facts. On the 30th day of August, 1844, execution issued against the complainant, for the sum of two hundred and eighty-eight dollars debt, and twenty dollars costs, and was directed to be levied upon particular lands therein described. The writ was issued to satisfy a supposed decree in favor of Collier and Pettis, when, as complainant avers, no sufficient decree had been rendered against him in their favor; as a mortgage decree had been previously adjudged in favor of Webber and Reney; and the

right to it subsequently decreed to the said Collier and Pettis, when the bill to which they were parties had been previously dismissed. The complainant also states, that he was garnisheed for this demand, by Collier and Pettis, as creditors of Webber and Reney, and the judgment for the original demand on which the writ of execution issued, was rendered against him, and that this garnishee judgment was rendered in Des Moines county, previous to the decree made in Louisa county, which vested the right to the mortgage decree of Webber and Reney, in Collier and Pettis. The bill concludes with a prayer to enjoin farther proceedings by execution against the land affected by the mortgage decree, and for a perpetual injunction, if it should be found that said Collier and Pettis have a subsisting judgment of an older date for the same demand, in the district court of Des Moines county.

Upon this bill an injunction was allowed by WILLIAMS, J. in vacation. At the April term following, 1845, the defendants filed their motion to dismiss the bill, and dissolve the injunction, for the following reasons. 1. There is no equity in the bill. 2. There is a clear, adequate, and complete remedy at law. The motion was granted, and a decree rendered accordingly.

*David Rorer* and *J. W. Woods,* for the appellant.

*Grimes* and *Starr,* for the respondent.

WILSON, J. The fact that there was a judgment in Des Moines county against Dunham, as a garnishee, would not prevent Collier and Pettis from proceeding to collect the money, by a sale of the mortgaged premises, under the decree of foreclosure. Dunham cannot ask for an injunction against the collection of the money under the decree, unless he allege that he has satisfied the judgment in Des Moines county. (*a*) We see no equity in the bill, and think there was no error in the court below.

Decree affirmed.

(*a*) *Christie* v. *Bogardus,* 1 Barb. Ch. R. 167.